354

Affirmed.

28 C.C.P.A. (Patents)

## In re MIMS.

### Patent Appeal No. 4427.

Court of Customs and Patent Appeals.

· March 31, 1941.

William C. Linton, of Washington, D. C., (Ulle C. Linton, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge. ·

The application for patent here involved, · filed in the United States Patent Office October 27, 1936, is captioned "Method and Means for Forming Sheets or Fabrics from Kapok or Other Staple Fibres." Each of the four claims on appeal numbered, respectively, 18, 20, 21, and 22, is for a machine or mechanism. All were rejected by the examiner as unpatentable in view of prior art cited; the Board of Appeals affirmed his decision, and by this appeal from the decision of the latter the matter is brought before us for review.

Claim 18 is deemed illustrative of the subject matter. It reads: "18. Mechanism for producing sheets or bats of short staple loosely agglomerated fibre, including a table, a multiple needle sewing mechanism disposed above the table, the table being transversely slotted for the passage of the needles of the sewing machine, upper and lower fibre holding and feeding carriers having parallel flights traveling in the same direction and at substantially the same speed over the table, each of said carriers consisting of a plurality of endless flexible elements spaced slightly from each other transversely of the table, the bat confronting faces of said flights being substantially smooth and the needles of the sewing mechanism operating through the spaces between said endless elements, and a thickness regulator disposed above the upper flight adjacent the needles and having rollers lightly engaged with the upper endless elements."

Appellant's brief points out certain limitations in claims 20, 21, and·22 as follows:

"Claim 20 differs from this preceding claim [18] in that it calls for a cooperating flexible means for arranging the kapok in sheets and which flexible means cooperate with the thickness regulator in such a manner as to prevent any excessive pressure being applied to the kapok as would crush or bruise the fibers thereof.

"Claim 21 differs from these preceding claims in that it calls for a machine which will produce sheets of kapok in a continuous manner, and

"Claim 22 differs from the preceding claims in that it calls for an upper conveyor having a lower flight extending downwardly at a slight angle towards the lower conveyor to a point whereat the needles of the sewing machine may tack the kapok fibers together and, further, the guide rollers of the thickness regulator being arranged at the opposite sides of the needles so as to serve the purpose of a conventional presser foot or stripper of the material from the needles."

The foregoing, together with the limitation in the last clause of claim 18 for a thickness regulator disposed as described, seem to be claimed as new elements, and the brief refers to them as "cardinal elements."

The references cited are:

Theine, 197,575, November 27, 1877.
Fleckenstein, 705,333, July 22, 1902.
Arbin, 1,413,511, April 18, 1922.
Roby, 2,004,080, June 4, 1935.
Mims, 2,046,083, June 30, 1936.

Appellant's brief before us is very diffuse, covering forty-five printed pages. Some of its statements appear to be somewhat contradictory. It contains much matter which is wholly irrelevant as, for example, statements relating to claimed commercial success respecting the marketing of the product produced by the machine. The product is not involved here—only the machine is before us for consideration, and, it may be remarked, that the record contains no evidence respecting commercial success of the machine or of the kapok product itself. Five reasons of appeal, four of which are general in nature, accompany the notice of appeal as embraced in the record. In the brief, however, under the heading, "Assignment of Errors," seven paragraphs, each numbered, are recited, two of which were not embraced in the reasons as filed. These two are not regarded as particularly illuminating or material, but it should be understood that the original reasons of appeal cannot be amended in this manner.

Four of appellant's reasons of appeal are general in their nature, as illustrated by No. 4, which reads: "That the Board of Appeals has erred in holding that without modification, the structural features of the several prior patents could be combined to produce appellant's machine."

We do not find where the board held that *without modification* the structural features of the prior patents could be combined to produce appellant's machine. As we understand the board's decision, it held that no invention was involved in making such modifications of prior art structures as were necessary to adapt them to appellant's purposes.

Appellant's fifth reason of appeal reads: "That the claims 18, 20, 21 and 22 involve features, among them being a thickness regulator or an adjustable presser foot, which are not disclosed or even suggested by the prior patented art and, therefore, the Board of Appeals has erred in holding that the appellant's conception and the structure for putting it into practical use are met in all substantial details by the prior art upon the theory that it would not require invention to readapt these prior mechanisms for use with kapok."

It will be observed that in this assignment the only feature specifically claimed as being "not disclosed or even suggested by the prior patented art" is "a thickness regulator or an adjustable presser foot."

The examiner held that this feature, as well as certain other features, was disclosed in the patent to Fleckenstein, saying: "Claims 18, 20, 21 and 22 are believed to be unpatentable over Fleckenstein. Figure 3 of said patent shows a longitudinal sectional view of a straw sewing machine. Chain members 37, guided by rollers 38, 40 and 42, support the work and feed it to the right and past the sewing needles. For engaging and feeding the work from above chains 49, guided by rollers 53, 55 and 51, are provided. It will be noted that roller 53 is supported on pivoted arm 54 so that upon thick work it will move upwardly, resulting in an incline as applicant's belt *c* is inclined from the left lower roll *i* to the intermediate roller *i* of Figure 1 of the instant application. Rollers 55 of Fleckenstein correspond to applicant's thickness regulator and obviously would perform the same function as they guide chains 49 and retain them in an adjusted position (see page 4, lines 48 to 57, of Fleckenstein). These rollers are arranged on opposite sides of the needle. That is, they are spaced laterally of the direction of feed of the material with respect to the needles."

The examiner also held that the feature under discussion was present in the patent

to Arbin, provided by certain rollers which he pointed out as "rolls 3."

It was said by the board:

"Appellant's argument is directed mainly to the thought that the various machines made of record would not be satisfactory to work on bats of short staple loosely agglomerated fibers such as kapok. He attempts to point to structural differences by referring to the thickness regulator in the claims. We have noted in the original specification that this so called thickness regulator was called an adjustable presser foot fitted with rollers. Obviously if the material to be sewn is of soft character as kapok, the pressure exerted on it must be considerably less than with materials such as books, straw and grass mats, and fabrics.

"However, appellant has a prior patent 2,046,083 of June 30, 1936, which shows mechanism for feeding pads of kapok and the like to sewing mechanism and this patent teaches that the kapok may be sewn bare or cloth may be put over the top part or two cloths may be used on both sides or two sheets of paper, one on each side of the pad.

"The present claims, when viewed in the light of the prior art, would indicate that Mims discovered mechanism such as shown in the prior art acting on books and straw and the like and re-adapted such mechanism for use with kapok primarily by reducing the pressure of the presser foot on the kapok. We are not inclined to allow claims which are met in all substantial details by the prior art on the theory that it would require invention to re-adapt these mechanisms for use with kapok. The former Mims construction shows that this object has been accomplished by using a frame for feeding the kapok to the sewing mechanism, and the prior art suggests the use of upper and lower continuous conveyor belts for a similar purpose."

It may be said that the Fleckenstein patent relates to a machine for making mats for bottle covers, using straw, marsh grass and the like, and the patent to Arbin relates to a machine for sewing mats for hothouses and the like, straw being named as a material used. The brief of appellant insists that these along with the Theine patent (for a book-stitching machine) and the Roby patent (a hemstitching machine) "have no analogy to the present invention."

The question of non-analogous art is not raised by the reasons of appeal, and even if it were we should not regard the contention as being well taken. Irrespective of this, it may be said that appellant's prior patent is in the same field as that of his instant application.

Appellant's several contentions, so far as justified by his reasons of appeal, have been carefully studied and considered. They do not convince us of error below, and the decision of the board is affirmed.

Affirmed.